USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/27/2024____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA *et al. ex rel.* ALLISON
LYNES and JEFFREY ZUCKERMAN,

                      Plaintiff and Relator,


    -against-

THE RADIOLOGY GROUP LLC and ANAND
LALAJI,
                        Defendants.


UNITED STATES OF AMERICA,

                      Plaintiff-Intervenor,


    -against-

THE RADIOLOGY GROUP LLC and ANAND
LALAJI,

                        Defendants.

19 Civ. 3542 (AT)

**STIPULATION AND ORDER
OF SETTLEMENT AND
RELEASE BETWEEN THE
UNITED STATES AND
RELATORS**

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relators Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, and relators Allison Lynes and Jeffrey Zuckerman ("Relators" and, together with the United States, the "Parties"), through their counsel;

WHEREAS, on or about April 22, 2019, Relators filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the

"FCA"), alleging, inter alia, that Defendants violated the FCA and comparable state false claims laws by misrepresenting the identities of radiologists who performed services billed to Federal healthcare programs and by seeking reimbursement from Federal healthcare programs for radiology interpretations that had not been reviewed by U.S.-based radiologists (the "Relators Action");

WHEREAS, on or about March 26, 2024, the United States filed a complaint-in-intervention ("Government Complaint"), alleging that, from April 1, 2013, to July 31, 2019, Defendants violated the FCA by knowingly submitting and/or causing the submission of false claims for payment to Federal healthcare programs for radiology services that: (1) were not rendered by the radiologist listed by The Radiology Group as the rendering provider in the claim for reimbursement; (2) were not furnished by a U.S.-based credentialed radiologist because The Radiology Group's radiologist just "rubber stamped" radiology interpretations that were performed by persons located in India who were not U.S.-licensed physicians or providers enrolled in any Federal healthcare programs; and/or (3) were furnished entirely by persons located outside of the United States (the "Covered Conduct");

WHEREAS, on or about March 26, 2024, the United States, Defendants, and Relators entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendants agreed to pay the United States the sum of $2,678,387.21, plus applicable interest (the "Settlement Amount"), to be paid in ten installments, pursuant to the schedule set forth in Paragraph 3 of the Settlement Agreement, to resolve the claims of the United States against Defendants for the Covered Conduct;

WHEREAS, Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(l), they are entitled to receive a portion of the Settlement Amount (the "Relators Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relators Share Claim pursuant to the terms set forth below;

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relators Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Contingent upon receipt by the United States of each payment due to the United States pursuant to the schedule set forth in Paragraph 3 of the Settlement Agreement, the United States will pay Relators, c/o Kriegsman P.C., as attorneys for Relators ("Relators' Counsel"), nineteen percent (19%) of each such payment in accordance with written instructions provided by Relators' Counsel within a reasonable time after the United States' receipt of each such payment. The obligation to make each payment to Relators under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of each payment from Defendants pursuant to the schedule set forth in Paragraph 3 of the Settlement Agreement.  In the event that Defendants fail to make a payment required by the Settlement Agreement, the United States shall have no obligation to make a payment to the Relators.

2.    Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waive the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3.      In agreeing to accept payment of the Relators' share set forth in Paragraph 1 above, and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, release and are deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relators Action or the Government Complaint.

4.      This Relators Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relators arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relators Stipulation.

5.      The United States and Relators agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relators Stipulation is null and void.

6.      This Relators Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7.      This Relators Stipulation shall become final, binding, and effective only upon entry by the Court.

8.      This Relators Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relators Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relators Stipulation.

9.      This Relators Stipulation is governed by the laws of the United States.  The exclusive

4

5

jurisdiction and venue for any dispute relating to this Relators Stipulation is the United States

District Court for the Southern District of New York.  For purposes of construing this Relators

Stipulation, this Relators Stipulation shall be deemed to have been drafted by all Parties to it and

shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

      10.   This Relators Stipulation may be executed in counterparts, each of which shall

constitute an original and all of which shall constitute one and the same agreement.

Dated: _____March 26_____, 2024
New York, New York

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By: _____

CHARLES S. JACOB
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:    (212) 637-2725
charles.jacob@usdoj.gov
*Attorney for the United States*

Dated: March 22, 2024

KRIEGSMAN, P.C.

By: _____

Alex Kriegsman
Kriegsman PC
279 Main St.
Sag Harbor, NY 11963
alex@kriegsmanpc.com
*Attorneys for Relators*

Dated: March 22, 2024

DocuSigned by:
*Jeffrey Zuckerman*
241B2EEE8DB34EA...
JEFFREY ZUCKERMAN
*Relator*

Dated: March 20, 2024

DocuSigned by:
11DAED839A60450
ALLISON LYNES
*Relator*

SO ORDERED:

_____

HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE

Dated: __March 27, 2024__
New York, New York

6