```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA *et al. ex rel.*
ALLISON LYNES and JEFFREY ZUCKERMAN,

                Plaintiff and Relators,

-against-

THE RADIOLOGY GROUP LLC and ANAND LALAJI,

                Defendants.

UNITED STATES OF AMERICA,

                Plaintiff-Intervenor,

-against-

THE RADIOLOGY GROUP LLC and ANAND LALAJI,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/30/2024_

19 Civ. 3542 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Defendant The Radiology Group LLC ("TRG") is a teleradiology company that provides remote radiology services to hospitals and other care centers in the United States. Stipulation ¶ 2(a), ECF No. 16. Defendant Anand Lalaji is the Chief Executive Officer and co-owner of TRG. *Id.* In 2019, Relators, Allison Lynes and Jeffrey Zuckerman, brought this *qui tam* action against Defendants, alleging, *inter alia*, violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and analogous state laws, Stipulation at 2. After intervening, the Government entered into a consent judgment (the "Consent Judgment") with Defendants. Consent Judgment, ECF No. 17. Before the Court is Defendants' motion to set aside the Consent Judgment. Mot., ECF No. 22. For the reasons stated below, Defendants' motion is DENIED.

**BACKGROUND**

In 2019, Relators filed a sealed complaint against Defendants under the *qui tam* provisions of the FCA, alleging, *inter alia*, that Defendants violated the FCA and analogous state laws by (1) misrepresenting the identities of radiologists who performed services billed to federal healthcare programs and (2) seeking reimbursement from federal healthcare programs for radiology interpretations that had not been reviewed by U.S.-based radiologists.  Stipulation at 2.

The Government investigated Relators' allegations and engaged in settlement negotiations with Defendants.  Lalaji Decl. ¶¶ 6–7, ECF No. 23-1.  As part of the settlement negotiations, Defendants provided the Government with financial disclosures establishing Defendants' ability to pay a potential settlement amount.  *Id.* ¶ 9.  During the negotiations, Defendants communicated to the Government that "a payment schedule would be essential in order for [them] to meet their obligations."  *Id.*

In or about November 2023, the parties reached a settlement.  *Id.* ¶ 10.  On March 26, 2024, the Government submitted to the Court its notice of intervention, its complaint-in-intervention (the "Government's complaint"), a proposed unsealing order, the parties' proposed stipulation and order of settlement (the "Stipulation"), and the Consent Judgment.  Gov't Opp. at 3–4, ECF No. 27; Unsealing Order at 1–2, ECF No. 14.  The Court unsealed the case on March 27th.  Unsealing Order at 1.  Specifically, the Court lifted the seal as to any matter occurring in the action on or after March 27th, as well as the Government's complaint and the Stipulation, among other documents.  *Id.* ¶¶ 1, 3.  The next day, the Court so-ordered and docketed the Stipulation and the Consent Judgment.  *See* Stipulation at 1; Consent Judgment at 1.

Pursuant to the Consent Judgment, Defendants agreed to the entry of judgment in favor of the Government in the amount of $2,678,387.21 plus applicable interest (the "Settlement Amount"). Consent Judgment at 1. Under the Stipulation, Defendants agreed to pay the Settlement Amount on a three-year schedule. Stipulation ¶¶ 3(a)–(n). The Stipulation provides that should Defendants "fail to comply fully with the payment schedule," they "shall be in default." *Id.* ¶ 4. The Stipulation also specifies the allegations to which Defendants admitted. *Id.* ¶¶ 2(a)–(p).

On March 28, 2024, after the Court unsealed the case and filed the Stipulation and the Consent Judgment, the Government published a press release (the "Press Release") titled "U.S. Attorney Announces $3.1 Million False Claims Act Settlement With Radiology Company And Its CEO For Fraudulent Billing Practices." *See generally* Press Release, ECF No. 23-2. The Press Release attached the Government's complaint and the Stipulation. *See id.* at 6.

Pursuant to the Stipulation, Defendants' first payment to the Government was due by April 16, 2024, in the amount of $592,454.38 plus interest. *See* Stipulation ¶¶ 3(a), 32. On that date, Defendants informed the Government that they would make a payment of only $11,000 because of recent changes to TRG's financial condition. ECF No. 27-1 at 1–2. Two days later, the Government sent Defendants a notice of default, requesting that Defendants provide documentation supporting their claim that they are unable to make full payments and stating that it would "carefully evaluate" any such documentation. *Id.* at 2. Defendants failed to do so.

On April 25, 2024, Defendants filed the instant motion to set aside the Consent Judgment. Mot. They argue that because their "financial circumstances have significantly changed and deteriorated" as "a direct consequence of the Press Release publication," the

3

Consent Judgment should be set aside under Federal Rule of Civil Procedure 60(b)(6).[1]  Defs. Mem. at 3–5, ECF No. 23.

## DISCUSSION

I. <u>Legal Standard</u>

"Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any . . . reason that justifies relief."  This rule "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal quotation marks omitted).  Relief under Rule 60(b)(6), however, is "only available in 'extraordinary circumstances.'" *Pettiford v. City of Yonkers*, No. 14 Civ. 6271, 2018 WL 3364394, at *3 (S.D.N.Y. July 10, 2018) (quoting *Buck v. Davis*, 580 U.S. 100, 123 (2017)).  "In determining whether extraordinary circumstances exist, a court may consider a wide range of factors, including, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)).

---

[1] Defendants also contend that the Consent Judgment should be set aside under Rule 60(b)(5). Defs. Mem. at 6–8. Under this rule, a court may relieve a party from a final judgment when, among other reasons, "applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5), however, does not apply to the Consent Judgment because money judgments have no prospective application. *SEC v. Bronson*, 602 F. Supp. 3d 599, 615 (S.D.N.Y. 2022) (observing that "[t]he Second Circuit has long held that judgments involving injunctions have prospective application, while money judgments do not" for the purposes of Rule 60(b)(5) (internal quotation marks omitted)); *see also Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) ("Money judgments, however, do not generally have prospective application because they are final in the sense of involving a set monetary outlay."); *Stokors S.A. v. Morrison*, 147 F.3d 759, 762 (8th Cir. 1998) ("Most courts have agreed that a money judgment does not have prospective application, and that relief from a final money judgment is therefore not available under the equitable leg of Rule 60(b)(5)."). Defendants offer no reason why the Court should find the Consent Judgment, a money judgment, to have prospective application in this case. Accordingly, the Court analyzes Defendants' motion under only Rule 60(b)(6).

When a party "wishes to disturb a consent judgment," the Rule 60(b)(6) standard is "even harder to reach." *SEC v. NIR Grp., LLC*, No. 11 Civ. 4723, 2022 WL 900660, at *2 (E.D.N.Y. Mar. 28, 2022) (citation omitted). "Rule 60(b) cannot be used to avoid the consequences of a party's decision to settle." *Sampson v. Radio Corp. of Am.*, 434 F.2d 315, 317 (2d Cir. 1970). "When a party makes a deliberate, strategic choice to settle, [it] cannot be relieved of such a choice merely because [its] assessment of the consequences was incorrect." *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Accordingly, "[u]nder Rule 60(b)(6), a defendant's mere 'failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief.'" *NIR Grp.*, 2022 WL 900660, at *2 (quoting *Bank of N.Y.*, 14 F.3d at 759–60).

II.  Analysis

Defendants contend that extraordinary circumstances justify disturbing the Consent Judgment. They claim that the parties did not "contemplate[]" the Press Release in their settlement and that the Press Release's focus on "unsubstantiated" and "damaging" allegations from the Government's complaint has caused TRG to lose business relationships and more than $9 million in revenue. Defs. Mem. at 3–6, 9. Defendants argue that these circumstances are both "extraordinary" and "outside of their control" and that they "will suffer extreme and undue hardship" if the Court does not set aside or modify the Consent Judgment. *Id.* at 9.

Defendants' claims fail to establish the extraordinary circumstances sufficient to justify relief under Rule 60(b)(6). First, although Defendants contend that the Press Release was not contemplated by the parties, "there is nothing unusual about the U.S. Attorney issuing a press release announcing" a settlement. *United States v. Avenatti*, 433 F. Supp. 3d 552, 567 (S.D.N.Y. 2020); *see also* U.S. Attorney's Office, S.D.N.Y., *Civil Division Priorities*, *Civil Frauds*,

5

available at https://www.justice.gov/usao-sdny/civil-division-priorities (collecting similar press releases).  Furthermore, Defendants stipulated that the Government would file its complaint on the docket and were on notice that the Court lifted the seal as to the Government's complaint.  Stipulation at 2–3 ("[C]ontemporaneous with the filing of this Stipulation, the Government is filing a Notice of Election to Intervene and a Complaint-In-Intervention."); Unsealing Order at 2 ("The seal shall be lifted as to the Government's . . . Complaint-In-Intervention.").  Importantly, the Press Release included not only the Government's complaint, which Defendants argue contains unsubstantiated and damaging allegations, but also the Stipulation, which makes clear the allegations to which Defendants admitted.  *See* Press Release at 6; Stipulation ¶¶ 2(a)–(p).

Second, Defendants' alleged financial losses do not establish extraordinary circumstances.  In this action, Defendants and the Government "made free, bilateral decisions to settle," and "[e]ach bore the risks of litigation equally." *Bank of N.Y.*, 14 F.3d at 760.  Defendants concede that, "having carefully and deliberately negotiated the settlement terms and payment plan to reflect their precarious financial condition," they "were extremely cognizant and concerned about the negative impact that the Stipulation and any subsequent press release would have on the viability of [TRG] as an ongoing concern." Lalaji Decl. ¶ 12.  And yet, despite being represented by sophisticated counsel during settlement negotiations, knowing of their precarious financial condition, anticipating that a subsequent press release would negatively impact such financial condition, and agreeing to a detailed payment schedule reflecting their concerns, Defendants now seek relief under Rule 60(b)(6) based on financial hardship "because [their] assessment of the consequences was incorrect." *Bank of N.Y.*, 14 F.3d at 759.  Rule 60(b)(6) relief is not available in such circumstances. *See, e.g.*, *SEC v. Longfin Corp.*, No. 18 Civ. 2977, 2020 WL 4194484, at *2 (S.D.N.Y. July 21, 2020) ("Rule 60(b)(6) is not intended to

relieve a party from an agreement that he voluntarily entered but now regrets."); *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, No. 86 Civ. 9671, 1992 WL 51567, at *6 n.2 (S.D.N.Y. Mar. 9, 1992) (rejecting the argument that an agreement was "no longer economically feasible" because "it is well settled that [Rule] 60(b) relief is not intended to permit a party to escape the adverse consequences of its own voluntary choices").

## CONCLUSION

For the foregoing reasons, Defendants' motion to set aside the Consent Judgment is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: December 30, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge